NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3247

ERIC WILLIAMS,

Petitioner,

v.

U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,

Respondent.

_____

DECIDED: November 15, 2005

_____

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

Eric Williams seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal in which, pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA"), 38 U.S.C. § 4311, he challenged his nonselection for the position of Auditor with Office of Inspector General in the United States Agency for International Development ("agency"). Williams v. United States Agency for Int'l Dev., No. AT0330040227-C-1 (Sept. 27, 2004) ("Final Decision"). We affirm.

I

Mr. Williams is a veteran of the U.S. armed forces and has a disability rating of 30 percent. Mr. Williams applied for the position of Auditor with the Office of Inspector General of the agency. When he was not selected for the position, Mr. Williams

appealed to the Board, arguing that the agency violated his rights under the VEOA as it failed to consider his status as a disabled veteran. In an initial decision, the administrative judge found that the agency had violated VEOA, as "the appellant's status as a veteran was not considered as part of the selection process," and remanded to the agency for a "reconstruction of all selection actions . . . for which military service was not considered." Williams v. United States Agency for Int'l Dev., Nos. AT0330040226-I-1, AT0330040227-I-1 (Apr. 12, 2004) ("Initial Decision").

After reconstruction, Mr. Williams was once more turned down for the position, and he once again appealed to the Board. However, in this second decision, the administrative judge noted that the agency had properly considered Mr. Williams' status as a disabled veteran and denied Mr. Williams further relief. Final Decision at 2. The full Board denied petition for review and the administrative judge's decision became the final decision of the Board. Mr. Williams timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

We must affirm final decisions of the Board unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

III

The only issue before this court is whether the agency properly considered Mr. Williams' status as a disabled veteran when it declined to offer him the position of

Auditor. Notwithstanding the administrative judge's initial decision, the record is clear that, when the agency initially evaluated the applicants for the Auditor position, it awarded Mr. Williams the maximum number of points, ten, for status as a disabled veteran. The agency also awarded Mr. Williams five points for "Other Related Experience," five points for "Office Software," and five points for "Academic Honors/GPA," for a total of 25 points, fewer than the 35 and 60 points awarded to the two individuals who were offered the position.

However, despite having awarded Mr. Williams ten points for "Veterans Preference," the agency erroneously admitted to the administrative judge in the initial appeal that it had not considered Mr. Williams' status as a veteran. Thus, when the administrative judge remanded for reconstruction of the selection process, the agency sought to add points to Mr. Williams' rating. As Mr. Williams had already been awarded the maximum number of points under the "Veterans Preference" category, the agency added points in the category "Other Related Experience." Mr. Williams had been awarded five points in this category in the initial selection process, so the agency awarded him an additional five points, bringing him to the maximum of ten points allowed in this category.

In addition to the ten points for "Veterans Preference" and the ten points for "Other Related Experience," the agency once more awarded Mr. Williams five points for "Office Software" and five points for "Academic Honors/GPA," for a total of 30 points. Thus, once again, Mr. Williams had fewer points than the 35 and 60 points of the two individuals who were offered the job.

Mr. Williams, understandably under the impression that he had not been awarded any points for "Veterans Preference" in the initial selection, contends that he should have been awarded ten additional points, not five. This would have brought his rating to 35 points, the same as that of one of the selected applicants. Because 5 C.F.R. § 332.401 requires that disabled veterans be granted preference over non-disabled veterans with the same rating, Mr. Williams may then have been offered the job.

However, it is clear that Mr. Williams' initial rating of 25, and his subsequent rating of 30, included ten points for "Veterans Preference," the maximum allowed. Thus, substantial evidence supports the administrative judge's determination that Mr. Williams' status as a disabled veteran was properly considered, and we affirm.